

## UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND - NORTHERN DIVISION

UNITED STATES OF AMERICA                CRIMINAL COMPLAINT

v.

CASE NUMBER: 09-2801 SKG

**LENNY MANUEL ORTIZ**

**Defendant**

I, the undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 7, 2009, in Baltimore County, in the District of Maryland, defendant(s) (Track Statutory Language Offense)

**LENNY MANUEL ORTIZ** did knowingly, wilfully, and unlawfully possess with intent to distribute 5 kilograms or more of a quantity of a mixture or substance containing a detectable amount of cocaine hydrochloride, a schedule II narcotic controlled substance,

in violation of Title 21 United States Code, Section(s) 841

I further state that I am a Task Force Officer with DEA and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:   X Yes   _ No

_____
Larry E. Jackson, Jr.
TFO, DEA

Sworn to before me and subscribed in my presence,

8/10/09 at 3:20 PM  at  Baltimore, Maryland
Date and Time Issued

_____
Susan K. Gauvey
U. S. Magistrate Judge



# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, DEA Task Force Officer Larry E. Jackson, Jr, being duly sworn, hereby depose and state:

This affidavit is submitted in support of an application for a Criminal Complaint against Lenny Manuel ORTIZ, H/M, DOB: 03/11/1980, for a violation of Title 21 United States Code, Section 841(a)(1), in that on or about August 7, 2009, Lenny Manuel ORTIZ did knowingly and unlawfully possess with intent to distribute 5 kilograms or more of cocaine HCL, a Schedule II Controlled Dangerous Substance.

## Affiant's Expertise:

Your affiant, Detective Corporal Larry E. Jackson, Jr. has been a sworn member of the Maryland Transit Administration Police Department since January, 1997. Your affiant received his training at the Maryland Transportation Authority Police Academy, instructions in criminal law, probable cause, search and seizure warrants, the use of informants, surveillance methods, and the constitutional rights of citizens. Your affiant has attended yearly in-service training that has satisfied the requirements of the Maryland Police Training Commission. Your affiant has a Bachelor's of Science Degree in Political Science and a Master's Degree in Criminal Justice, specializing in police areas.

During these 12 years, your affiant has gained considerable knowledge and expertise in the methods used by CDS dealers and users to obtain, dilute, package and distribute various controlled dangerous substances. Your affiant has successfully completed the CDS training school presented by the Drug Enforcement Administration (DEA) along with attending and successfully completing several narcotic seminars given by the DEA, Maryland State Police, Baltimore County Police

Department, El Paso Intelligence Center(EPIC), Mid-Atlantic Great Lakes Organized Crime Law Enforcement Network (MAGLOCLEN), the Maryland Transportation Authority Police Department, the Baltimore City Police Department, DEA Special Operations Division(SOD), and Operation JETWAY for Narcotics Interdiction. This training has given your affiant expertise in the detection, identification, usage and packaging of Controlled Dangerous Substances. This training has further given your affiant expertise in the writing and execution of Search and Seizure Warrants. Since October, 2002 your affiant has been a member of DEA/HIDTA Group 56, Mass Transportation Initiative (MTI). During this 6 1/2 year period as a Task Force Officer for the DEA your affiant has been involved in several large scale investigations that have involved the trafficking of narcotics through the State of Maryland as well as other states and to include other countries. Your affiant has also served as an affiant on a drug wire tap one(1) time.

**Facts and Circumstances Supporting Probable Cause:**

On 08/07/2009, your affiant was contacted by the Maryland State Police, JFK Barracks and asked to assist on a traffic stop. The following was relayed to your affiant by TFC Rich Decker of the Maryland State Police. On 08/07/2009 at approximately 1947 hours, TFC Decker was on routine patrol in the area of White Marsh, MD, Baltimore County, MD. While traveling in a marked patrol vehicle, TFC Decker observed a white Mitsubishi SUV bearing NJ registration YSY 95E, traveling above the posted speed limit in a construction zone. The speed limit in the area was 55 mph and TFC Decker observed the vehicle traveling at a rate of 65 mph. There were two posted construction signs prior to Exit-67 advising of the posted speed.

After following the vehicle for approximately ¼ mile keeping an equal space and distance,

2

TFC Decker initiated a traffic stop on the vehicle. Upon approaching the vehicle TFC Decker met with the driver of the vehicle Lenny Manuel ORTIZ. TFC Decker advised ORTIZ of the reason for making the traffic stop. TFC Decker immediately detected an overbearing scent of air freshners coming from within the vehicle. TFC Decker questioned ORTIZ about his speed and ORTIZ acknowledged he was speeding but stated he saw TFC Decker behind him and he (ORTIZ) didn't want to slam on his brakes.

TFC Decker then asked ORTIZ his destination, and ORTIZ advised TFC Decker he was going to meet a friend at a restaurant off Exit-59 or Exit-60. TFC Decker then asked ORTIZ how long he was staying in this area and ORTIZ stated one or two nights. ORTIZ produced his NY driver's license but when TFC Decker asked him for the owner's information, ORTIZ stumbled over the owner's name and said he only knew the last name which was Sanchez. ORTIZ told TFC Decker Sanchez was a friend of his and he borrows the vehicle often. TFC Decker felt due to the criminal indicators present and ORTIZ only being in possession of a single key for the vehicle, criminal activity was afoot. TFC Decker ran appropriate checks on ORTIZ and issued him a written warning.

After issuing ORTIZ a written warning for the speed violation, TFC Gussoni and TFC Decker asked ORTIZ for consent to search the vehicle. ORTIZ gave TFCs Gussoni and Decker consent to search the vehicle. During the search, TFC Gussoni found a hidden compartment underneath the second row bench seat. Utilizing wires, TFC Gussoni was able to open the compartment and inside were six(6) taped brick shaped objects, which he identified through his training, knowledge, and expertise to be cocaine. Also, inside the compartment were dryer sheets, which are also used as a masking agent for narcotics.

ORTIZ was transported to the MSP JFK Barracks and your affiant was called out to assist. On 08-10-2009 at approximately 1130 hours, your affiant utilized a cocaine field test kit and removed a small sample from one of the six (6) bricks of cocaine and it tested positive for the presence of cocaine. The estimated value of the approximately six kilograms of cocaine is in excess of $100,000.

**Conclusion**

Based on the information, facts, and circumstances stated above, your affiant states there is probable cause to believe that Lenny Manuel ORTIZ did knowingly possess with intent to distribute 5 kilograms or more of cocaine HCL, a Controlled Dangerous Substance (CDS), in violation of Title 21, United States Code, Section 841(a)(1).

_____
Task Force Officer Larry E. Jackson, Jr.
Drug Enforcement Administration


Sworn to before me, and subscribed in my presence on 8/10/09 at Baltimore, Maryland.
                                                              (Date)

_____
Honorable Susan K. Gauvey,
United States Magistrate Judge

4